*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, HACKEL, and FLUHR
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Akuetegeorges S. ADAMAH**
Seaman (E-3), U.S. Navy
*Appellant*

**No. 202300218**

_____

Decided: 26 January 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Matthew C. (Chris) Cox (arraignment)
Hayes C. Larsen (trial)

Sentence adjudged 12 October 2022 by a special court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 100 days, forfeiture of $1209.00 pay per month for 2 months, and a bad-conduct discharge.

For Appellant:
*Captain Colin P. Norton, USMC*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, and Appellant having not challenged the factual sufficiency of this case, we have determined that the findings are correct in law, the sentence is correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

---

[1] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

We note that Appellant's right to timely appellate review was violated but he suffered no prejudice as a result. Appellant's court-martial adjourned on 12 October 2022. The convening authority took action on 2 December 2022 and the military judge signed the Entry of Judgment on 6 December 2022. Pursuant to the plea agreement and in accordance with the military judge's recommendation, the convening authority suspended Appellant's bad-conduct discharge for a period of 12 months from the date of the Entry of Judgment, at which time, unless sooner vacated, the suspended portion would be remitted without further action.

The local reviewing authority apparently mistakenly believed that the convening authority's action terminated jurisdiction pursuant to Article 66(b)(3), UCMJ. However, at some point, the reviewing authority realized that this court's Article 66 jurisdiction had *not* been terminated and then transferred Appellant's record of trial to this Court, where it was docketed on 21 August 2023. As such, 313 days passed between the announcement of sentence and docketing with the Court.

We have held that we will not test for prejudice related to an alleged speedy post-trial review violation unless the time between announcement of sentence and docketing with the court of criminal appeals exceeds 150 days. *United States v. Rivera*, 81 M.J. 741, 746 (N-M Ct. Crim. App. 2021). With well over 300 days between the announcement of sentence and docketing with this court, we have performed this analysis and find that while Appellant's right to speedy post-trial review was violated, he suffered no prejudice.

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court